**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**JOHN C. DELA ROSA,** Defendant

Criminal Case No. 116F-78

Superior Court of Guam

August 16, 1978

ABBATE, *Presiding Judge*

### DECISION

This matter comes before the Court on defendant's Motion to Dismiss, which is based upon his Sixth Amendment right to a speedy trial and upon § 80.60(a)(2) of the Criminal Procedure Code of the territory of Guam. Section 80.60(a)(2) states that:

(a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if: * * * (2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five days after his arraignment. . . .

Defendant was arraigned on June 9, 1978, and trial commenced on August 10, 1978. There was thus a sixty-two-day period between arraignment and trial. However, dismissal of a criminal action under § 80.60(a)(2) is not mandatory. Rather, it is qualified by § 80.60(b), which provides in pertinent part:

(b) A criminal action *shall not be dismissed* pursuant to Subsection (a) if: * * * (3) *Good cause is shown* for the failure to commence the trial within the prescribed period. (Emphasis added.)

■ This court finds that there was good cause for not commencing the trial within the period prescribed by § 80.60(a)(2), in that a key prosecution witness, Ms. Yamato, was unavailable to testify due to injuries she suffered as a victim of the alleged crime. This being the case, defendant's motion must be denied insofar as it is based upon § 80.60(a)(2) of the Criminal Procedure Code.

■ The delay occasioned by Ms. Yamato's unavailability also causes defendant's Sixth Amendment challenge to fail. The U.S. Supreme Court, in *Barker v. Wingo*, 407 U.S. 381, 92 S.Ct. 2182 (1972), clearly stated:

[A] valid reason, *such as a missing witness*, should serve to justify appropriate delay. 92 S.Ct. at 2192 (emphasis added).

For the aforementioned reasons, defendant's motion is hereby denied.

SO ORDERED.